UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE YOUNG,<br><br>Plaintiff,<br><br>v.<br><br>EDWARD SCHODER, LORAN, JEFF HARNESS, and MIKE ANDERSON,<br><br>Defendants. | CAUSE NO. 3:25-CV-802-JTM-AZ |

OPINION AND ORDER

Jermaine Young, a prisoner without a lawyer, filed a complaint against several officers at the Cass County Jail for an incident that happened in August 2025. (DE # 1.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Young alleges that while he was a pretrial detainee at the Cass County Jail, he was taken to intake to view his discovery. On the way there, Officer Mike Anderson pulled out his cellphone and tried to take a picture of him. Young says he blocked his face so the officer could not have a picture. At that point, Young alleged Officer

Anderson "got loud," causing Officer Loran and Officer Harness to come. (DE # 1 at 2.) Each of them grabbed one of Young's arms, and Officer Anderson "use[d] force" and "put his hands on [Young]." (*Id.*) The officers took him to a padded cell.

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The incident described here is too vague for the court to tell whether it states a claim for relief. It appears Young might be complaining about a use of excessive force. A pretrial detainee states a valid Fourteenth Amendment excessive force claim by alleging: (1) the defendant "intended to commit the physical act that caused the alleged injury" and (2) the use of force was objectively unreasonable. *Pittman*, 108 F.4th at 570 (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 395–97 (2015)). But Young's allegations that Officer Anderson "use[d] force" and "put his hands on [Young]" are too vague for the court to determine whether the force alleged rose to the level of a Fourteenth Amendment violation. "[N]ot every use of force is a punishment: 'Once the Government has exercised its conceded authority to detain a person pending trial, it obviously is entitled to employ devices that are calculated to effectuate this detention.'" *Husnik v. Engles*, 495 Fed. Appx. 719, 721 (7th Cir. 2012) (quoting *Bell v. Wolfish*, 441 U.S. 520, 537 (1979)). In determining whether a challenged action is objectively unreasonable, courts must consider the "totality of facts and circumstances," *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020), including relationship between the need for force and the amount of force used, the extent of any injuries the plaintiff suffered, and the severity of the security problem. *Kingsley*, 576 U.S. at 397.

This complaint does not state a claim for which relief can be granted. If Young believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which the court will send him and which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to write this cause number on a blank **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form and sent it to Jermaine Young;

(2) GRANTS Jermaine Young until **February 9, 2026**, to file an amended complaint; and

(2) CAUTIONS Jermaine Young if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: January 7, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT